Filed 6/22/22  P. v. Rodriguez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FLAVIO RODRIGUEZ,<br><br>Defendant and Appellant. | F082477<br><br>(Super. Ct. No. F20907203)<br><br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P. J., Smith, J. and Snauffer, J.

## STATEMENT OF THE CASE[1]

Flavio Rodriguez pleaded no contest on November 10, 2020, in case No. F20907203 to carrying a concealed weapon in a vehicle with an allegation that he was not the registered owner of the firearm and that the firearm was loaded or ammunition immediately available (Pen. Code, § 25400, subds. (a)(1) and (c)(6))[2] and possession of an assault weapon (§ 30605, subd. (a)). The trial court indicated a three-year four-month maximum total aggregate sentence with two other pending cases (case Nos. F20906645 and M20920515)[3].

Rodriguez was sentenced on February 23, 2021, as follows: the middle term of two years in state prison for count 1 in Case No. M20920515; eight months consecutive for count 1 in Case No. F20906645; eight months consecutive for count 1 in Case No. F20907203; and the middle term of two years concurrent for count 2 in Case No. F20907203. Rodriguez was awarded 264 days credit for time served, including 130 actual days and 130 conduct credits. A restitution fine of $1,200 was imposed in each case and a parole revocation fine of the same amount was stayed. The trial court imposed a requirement that Rodriguez use an ignition device for a period of three years.

On appeal, Rodriguez contends he is entitled to be resentenced under section 1170, subdivision (b)(6), which became effective January 1, 2022. The People concede the issue, and we remand for resentencing.

## DISCUSSION

Effective January 1, 2022, our determinate sentencing law, section 1170, was amended in several fundamental ways. (See Sen. Bill No. 567 (2020–2021 Reg. Sess.);

---

[1]    Facts of the underlying crimes are not relevant to the issue on appeal and are therefore omitted.

[2]    All further statutory references are to the Penal Code unless otherwise stated.

[3]    Rodriguez has appealed his sentence in these other cases (case Nos. F082470 and F082475).

Stats. 2021, ch. 731, § 1.3; Assem. Bill No. 124 (2020–2021 Reg. Sess.); Stats. 2021, ch. 695, § 5.) Relevant here, Senate Bill No. 567 amended section 1170, former subdivision (b) by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. (Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).) This bill also created a presumption in favor of a low prison term when a defendant is under 26 years of age at the time of the offense. (Stats. 2021, ch. 695, § 4, adding § 1016.7; Stats. 2021, ch. 695, § 5.1, adding § 1170, subd. (b)(6)(B).)

Relevant here, section 1170, subdivision (b)(6) provides: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] ... [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6); see § 1016.7, subd. (b) ["A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed"].)

Section 1170, subdivision (b)(6)(B) does not require imposition of the lower term in every case in which the defendant was under age 26 at the time the crime was committed. Rather, this provision establishes a presumption of the lower term if the defendant's youth was "a contributing factor" in his or her commission of the crime "*unless* the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308.) Under established law, we "assume, absent evidence to the contrary, that the Legislature intended an 'amended statute to

apply to all defendants whose judgments are not yet final on the statute's operative date.' " (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341.) "For the purpose of determining the retroactive application of an amendment to a criminal statute, the finality of a judgment is extended until the time has passed for petitioning for a writ of certiorari in the United States Supreme Court." (*Id.* at pp. 341-342, citing *People v. Vieira* (2005) 35 Cal.4th 264, 305-306.)

Undisputedly, Rodriguez was seven months shy of 26 years of age when he committed these crimes on October 17, 2020. Accordingly, we agree with the parties that under section 1170, subdivision (b), Rodriguez's sentence must be vacated and remanded to the trial court to decide under the newly amended law whether Rodriguez is entitled to the lower term.

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court for resentencing under the amended version of section 1170, subdivision (b). In all other respects, the judgment is affirmed.